SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM L. WITHAM, JR.
*RESIDENT JUDGE*

June 30, 2017

KENT COUNTY COURTHOUSE
38 THE GREEN
DOVER, DELAWARE 19901
TELEPHONE (302) 739-5332

Suzanne Macpherson-Johnson, Esquire
J'Aime L. Walker, Esquire
Office of Defense Services
45 The Green
Dover, Delaware 19901

Jason Cohee, Esquire
Nicole S. Hartman, Esquire
Department of Justice
102 West Water Street
Dover, Delaware 19904

Re:   *State v. Jamie L. Baker*
      Case No. 1403009360
      *Letter Order On Motion To Enlarge the Time for Filing a
      Motion for Reduction of Sentence*

Dear Counsel:

Defendant Jamie L. Baker ("Baker") was sentenced by this Court after pleading guilty to one count of Murder Second Degree. She did so in exchange for dismissal of the remaining charges and the ordering of a Presentence investigation.

Her sentencing occurred in March of 2017. Baker was sentenced to 50 years, suspended after 40 years at Level V, with declining levels of supervision and intensive probation.[1]

Baker did not file a direct appeal from her conviction or sentence. On June 7, 2017, she filed a Motion to Enlarge the Time for Filing a Motion for Reduction of Sentence, through counsel. This motion is opposed by the State. Essentially, she is not seeking a reduction in the sentence now. She believes that by taking advantage

---

[1] Sentencing Order, *State v. Baker*, ID 1403009360 (Del. Super. Ct., Mar. 30, 2017).

of the rehabilitation programs offered to her by the Court and Department of Correction and completing them successfully, she may wish to file such a motion in the future. She, of course, must prove that she has been rehabilitated and completed the mandatory portion of her sentence. The timing will require her to do so well beyond the 90 days required by Superior Court Criminal Rule 35(b).

The State asserts that Rule 35(b) will only allow an extension in the case of an appeal or in the event of extraordinary circumstances or pursuant to other means.[2]

Given that the request is for this Court to enlarge the time for potential action under Rule 35(b) for an indefinite period of time, I find that the Court cannot do so. As stated in *State v. Tollis*, 126 A.3d 1117 (Del. Super. Ct. 2016), "[t]he Court's inherent authority over its sentencing judgments, however, is not a ready path for circumnavigating this Court's procedural rules governing sentence reduction." It does not appear that the sentencing judge expressly reserved the authority to modify the sentence except for reserving the right to add restitution in the future.[3]

Thus, the Motion must be and is DENIED. IT IS SO ORDERED.

Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:   Prothonotary
xc:   Suzanne Macpherson-Johnson, Esquire
      J'Aime L. Walker, Esquire
      Jason Cohee, Esquire
      Nicole S. Hartman, Esquire

---

[2] "Other means" would presumably mean pursuant to 11 *Del. C.* § 4217.

[3] *See* Sentencing Order.